Wilde, J.
This is an action of assumpsit upon an award, and the first question to be decided is, whether the defendant is bound by the submission to arbitration, he having signed the same as agent, but without disclosing the name of his principal. And on this question the rule of law is well laid down by judge Story in his Commentaries on the Law of Agency, §§ 266, 267. “ A person,” he says, “ contracting as agent, will be personally responsible, where, at the time of mairing the contract, he does not disclose the fact of his agency. And the same principle will apply to contracts made by agents, where they are known to be agents, and acting in that character, but the name of their principal is not disclosed; for until such disclosure, it is impossible to suppose, that the other contracting party is willing to enter into a contract, ex *212 onerating the agent, and trusting to an unknown principal, who may be insolvent, or incapable of binding himself.”
This is a very reasonable rule of law, and it is supported by the authorities; 2 Kent, 630, 631, and the cases there cited. “ If a person,” says chancellor Kent, “ would excuse himself from responsibility on the ground of agency, he must show that he disclosed his principal at the time of making the contract.” The same principle is laid down as a rule of law well settled, by lord Tenterden, in the case of Thompson v. Davenport, 9 B. & C. 78, and by Parker, C. J., in Stackpole v. Arnold, 11 Mass. 27. It is clear, therefore, that the defendant is personally bound by the submission, which he signed as agent, as he did not disclose the name of his principal, and it does not appear that the same was known to the plaintiffs.
The second ground of defence is founded on an objection made to the proceedings of the arbitrator. The objection is, that the arbitrator, after the hearing of the parties had been closed, received a document from Winsor, one of the plaintiffs, in the absence of the defendant, and without his knowledge ; and sundry cases have been cited in support of the objection. We do not think it necessary to consider these cases, because we think it was proved by the arbitrator, that the defendant assented to his receiving the document, “ and did not say, when the document was produced, that he wanted to be heard on it; ” and the case, by consent of the parties, is submitted to the court on the evidence, as upon an agreed statement of facts.

Judgment of the court of common pleas affirmed.